FILED
06/14/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2018

IN RE K.O. ET AL.

Appeal from the Juvenile Court for Smith County
No. 2017JV46    Michael Collins, Judge

_____

No. M2017-01736-COA-R3-PT

_____

The trial court terminated the parental rights of A.D.G.[1] to her children, K.O. and K.G. Because the court did not "make[] specific findings of fact and conclusions of law," Tenn. Code Ann. § 36-1-113(k) (2017), we remand the case to the trial court for the entry of an appropriate order.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded with Instructions**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS, and KENNY W. ARMSTRONG, JJ., joined.

Jacquelyn M. Scott, Carthage, Tennessee, for the appellant, A.D.G.

Herbert H. Slatery III, Attorney General and Reporter, and Alexander S. Rieger, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

**OPINION**

**I.**

On appeal, mother raises four issues. We reach only her first issue. The resolution of that issue is dispositive of the other issues. Mother's first issue is as follows:

_____

[1] The court also terminated the parental rights of the children's father. He did not appeal.

Did the trial court err in failing to make specific findings of fact to support its ruling that the [Department of Children's Services] had proven the grounds for termination by clear and convincing evidence?

We agree with mother that the trial court erred in failing to perform its statutory duty under Tenn. Code Ann. § 36-1-113(k). To its credit, the Department of Children's Services (DCS) acknowledges the trial court's error.

At the conclusion of the trial, the court made the following statements as taken verbatim from the trial transcript:

> [The trial court]: All right. I'll find by clear and convincing evidence abandonment by failure to support with the ability to do so against the father. I find by clear and convincing evidence abandonment, failure to establish a home, a suitable home, by, for both parents.
>
> I find by clear and convincing evidence substantial noncompliance with the plan against both parents. I find by clear and convincing evidence persistence of the conditions evidenced by the proof today. I find by clear and convincing evidence severe abuse finding against both parents in the prior dependent and neglect case. And further, I find by clear and convincing evidence failure to manifest willingness or an ability to assume custody against both parents.
>
> I also find by clear and convincing evidence that it is in the best interest of the children to remain where they're at, for the termination to take place, for the children to remain where they're at.
>
> The children are currently with the father's family. The father's family has shown a willingness to assume the care and control of the children, and treat them as their own, and all the while include the parents as much as they're willing or able to do so. There's an ongoing willingness, or testimony of

an ongoing willingness, to allow Mother and Father to be part of these children's lives once they, they deal with their issues and in protection of the children.

So, with all that being said, I, I've listed the grounds, I've listed my findings, I do find it's in the best interest. Is there any, anything else I need to add --

[Attorney for DCS]: No.

This language was not incorporated by reference into the trial court's final judgment terminating mother's parental rights. However, as will be shown later in this opinion, there is a more serious error in this case.

**II.**

Under Tenn. Code Ann. § 36-1-113(c), "[t]ermination of parental or guardianship rights must be based upon: (1) [a] finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and (2) [t]hat termination of the parent's or guardian's rights is in the best interests of the child." Further, Tenn. Code Ann. § 36-1-113(k) states "[t]he court shall enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing." This portion of that statute outlines the requirement of the trial court to "make 'findings of fact and conclusions of law as to whether clear and convincing evidence establishes the existence of each of the grounds asserted for terminating [parental] rights.'" *In re Carrington H. et al*, 483 S.W.3d 507, 523 (Tenn. 2016) (citing *In re Angela E.*, 303 S.W.3d 240, 255 (Tenn. 2010).

Should the trial court fail to enter an order that makes specific findings of fact and/or conclusions of law, "the Tennessee Supreme Court has instructed the appellate courts to remand the case to the trial court for the preparation of appropriate written findings of fact and conclusions of law." *In re C.R.B.*, 2003 WL 22680911, *4 (Tenn. Ct. App. 2003). (citing *In the Matter of D.L.B., a Minor*, 118 S.W.3d 360, 367 (Tenn. 2003). *See also In re Angela E.*, 303 S.W.3d 240, 251 (Tenn. 2010), ("The Court of Appeals, therefore, has routinely remanded contested termination cases to the trial court for failure to make findings of fact and/or conclusions of law, whether related to the grounds for termination or the child's best interests.); *The Adoption Place, Inc. v. John*

***Doe***, 273 S.W.3d 142, 151 (Tenn. Ct. App. 2007) (citing ***In re Adoption of Muir***, 2003 WL 22794524 *3 (Tenn. Ct. App. Nov. 25, 2003), ("When a trial court has not complied with this statute, this Court cannot review the record de novo. [] It must vacate and remand for the preparation of written findings of fact and conclusions of law."); ***State Dept. of Children's Services v. A.M.H.***, 198 S.W.3d 757, 762 (Tenn. Ct. App. 2006) (*citing **In re D.L.B.***, 118 S.W.3d. 360, 367 (Tenn. 2003)) ("When a lower court has failed to comply with T.C.A. § 36–1–113(k), the appellate courts must remand the case with directions to prepare the required findings of fact and conclusions of law.").

## III.

In this case, DCS filed a twenty-nine page complaint. As pertinent to the issue now before us, the trial court "cut" the language in the twenty-nine page complaint regarding grounds and best interest and "pasted" it as the court's findings of fact and conclusions of law. We stress that the trial court adopted the allegations of the complaint as its own findings and legal conclusions. There is no substantial difference in the two documents. Both are twenty-nine pages long. The font is the same. The only major difference is that the complaint is signed by counsel for DCS and the judgment is signed by the trial court. There is no other significant difference.

The statute anticipates that the trial court will state what facts it has found, rather than simply relying upon the *allegations* of *another*. This case is remanded to the court with instructions to make findings of fact and conclusions of law as found by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE

-4-